Murphy, Ernest B., J.
This matter arises from an alleged “road rage” incident that resulted in a fatal automobile accident. Plaintiffs, Valerie and Bemd Kirschning (“Kirschnings”), brought this action on behalf of the estate of Janessa A. Kirschning against defendant, Joseph Constantino (“Constantino”), for the wrongful death of their daughter, and against defendants Constantino, Salvatore Constantino, Deborah A. Melander, and J&S Landscaping, Inc. (collectively, “Defendants”), for fraudulent conveyance. Defendants move for summary judgment on the claims against them.[3] After a hearing on the motion, and for the reasons stated below, Defendants’ Motion for Summary Judgment is DENIED.

BACKGROUND

On August 29, 1998, Janessa Kirschning was traveling as a passenger in a vehicle operated by Michael Canada (“Canada”) when Canada and the driver of a dark-colored pickup truck, later determined to be Constantino, became involved in a high-speed chase that proceeded northbound on Route 28 in Stoneham, Massachusetts. During the chase, Constantino allegedly maneuvered his truck in a manner that caused Canada to veer sharply and strike the curb, launching the car into the air before it ultimately came to a stop upside down in the oncoming, southbound lane of traffic. Canada died at the scene of the accident, and Janessa was pronounced dead upon arrival at the hospital.
Constantino sped away from the scene before any witnesses to the accident were able to identify him or his vehicle. Thereafter, Constantino actively concealed his involvement in the accident from the police and the Kirschnings. In November 1999 the Kirschnings received an anonymous letter, which described the other vehicle involved in the accident as a Ford pickup and provided a license plate number. The Kirschnings, having been advised by law enforcement officials not to interfere with the ongoing criminal investigation, turned the anonymous letter over to the Stoneham Police and did not independently investigate the matter further.
In 2001 an individual who had been a passenger in Constantino’s truck during the accident came forward to the police and identified Constantino as the driver of the other vehicle involved in the accident. This individual also informed the police that Constantino had threatened him into not coming forward sooner. Constantino was subsequently indicted, tried, and convicted for leaving the scene of an accident resulting in death, operating a motor vehicle so as to endanger, and intimidation of a witness.
The Kirschnings became aware of Constantino’s involvement in the accident when he was indicted on March 4, 2002. The Kirschnings brought this civil action on May 4, 2004. Defendants now move for summary judgment, arguing that the Kirschnings’ complaint was not filed within the limitations period applicable to wrongful death actions.

DISCUSSION

This Court shall grant summary judgment where the record, including pleadings, depositions, answers to interrogatories, admissions on file and affidavits, shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The court must construe facts in the light most favorable to the non-moving party. Graham v. Quincy Food Serv. Employees Ass’n. & Hosp., Library & Pub. Employees Union, 407 Mass. 601, 603 (1990). The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17. A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Tech. Commc’ns Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991).
The parties dispute what the appropriate statute of limitations is. Defendants urge the court to apply G.L.c. 260, §4B, and argue that the Kirschnings’ complaint is time-barred because it was not brought within three years of the date of the accident. [4] The Kirschnings contend, however, that G.L.c. 229, §2 controls their wrongful death claim and, thus, their complaint is timely as it was brought within three years of the date they became aware of Constantino’s involvement in the accident — in other words, the date on which they knew or reasonably should have known the factual basis for their claim.[5]
Defendants previously filed motions to dismiss the Kirschnings’ wrongful death action under Mass.R.Civ.P. 12(b). On June 9, 2005, this Court (Bohn, J.) denied the motions, concluding that, pursuant to G.L.c. 260, §12, Constantino’s fraudulent concealment of his identity tolled the limitations period under either statute until after Constantino’s identity became known to the Kirschnings. Justice *173 Bohn’s decision is the law of this case. See Peterson v. Hopson, 306 Mass. 597, 599 (1940) (“[A] court orjudge is not bound to reconsider a case, an issue, or a question of fact or law, once decided”).
Defendants now move for summary judgment on the basis that, notwithstanding Constantino’s fraudulent concealment, the anonymous letter received by the Kirschnings in November 1999 — evidence which was not within Justice Bohn’s purview in deciding Defendants’ earlier motions to dismiss — put them on notice of the unknown driver’s identity such that their cause of action accrued for the purposes of commencing the relevant limitations period.
Even if the information contained in the anonymous letter would have led the Kirschnings to discover Constantino’s involvement in the accident, a criminal investigation into the matter was already underway. The summary judgment record reveals that the Kirschnings had been advised by police detectives to refrain from acting independently of the ongoing criminal investigation. Accordingly, it was reasonable for the Kirschnings to allow the police to proceed with the investigation into the identity of the unknown second driver involved in the accident.
I find the fact that law enforcement officials told the Kirschnings not to get involved in the ongoing criminal investigation to be a sufficient basis to deny Defendants’ motion. That is, in equity, the time limit for commencing this action is tolled until March 4, 2002 (the date on which Constantino was indicted). Therefore, the Kirschnings’ claims are not time-barred.

ORDER

For the foregoing reasons, it is hereby ORDERED that Defendants’ Motion for Summary Judgment is DENIED.

Norfolk & Dedham Mutual Fire Insurance Company does not join in Constantino’s motion, having obtained a stay of the Kirschnings’ only claim against it — violation of G.L.cc. 93A and 176D (count V) — pending resolution of the underlying tort claims.

Chapter 260, §4B, entitled “Hit and mn accidents,” provides as follows:
Actions of tort ... for death . . . against the owner or operator of a motor vehicle, the operator of which failed to make himself or said owner known at the time of the accident or incident out of which such actions arise may, not withstanding any provisions of law relating to limitations of actions, be commenced within six months after the plaintiff learns of the identity of the defendant. . .
No action shall be brought under this section after the expiration of three years from the date on which such accident or incident occurred.

Chapter 229, §2, entitled “Wrongful death: damages,” provides as follows:
An action to recover damages under this section shall be commenced within three years from the date of death, or within three years from the date when the deceased’s executor or administrator knew, or in the exercise of reasonable diligence, should have known of the factual basis for a cause of action, or within such time thereafter as is provided by section four, four B, nine or ten of chapter two hundred and sixty.